UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

HayJo S.A. de CV

   v.                                         Civil No. 14-cv-196-JD
                                              Opinion No. 2015 DNH 235

Sponge-Jet, Inc.

O R D E R

HayJo S.A. de CV, a Mexican corporation, and its president, Sami Hayek Dominguez, brought suit against Sponge-Jet, Inc. after Sponge-Jet terminated HayJo's distributor agreement and an employee of HayJo left to work for a new company.[1]  Sponge-Jet moves for summary judgment.  HayJo objects to summary judgment.

Preliminary Matters

Sponge-Jet charges in its reply that HayJo's objection to summary judgment is deficient because it lacks a statement of material facts as required by Local Rule 56.1(b).[2]  Contrary to

---

[1] On October 23, 2015, Sami Hayek Dominguez filed a stipulation dismissing all of his claims with prejudice.

[2] In support, Sponge-Jet cites a First Circuit case that interprets a local rule in the District of Puerto Rico, which Sponge-Jet represents, without analysis, is the "analog to Local Rule 56.1(b)."  Sponge-Jet is mistaken.  As is plainly demonstrated in the cited case, the local rule in the District of Puerto Rico is not the analog of Local Rule 56.1(b) in this district, as it requires a format that is not required by Local Rule 56.1.  See P.R. Am. Ins. Co. v. Rivera-Vazquez, 603 F.3d 125, 131 (1st Cir. 2010).

Sponge-Jet's challenge, however, HayJo's objection includes a section titled "Statement of Undisputed Material Facts." That section includes citations to the summary judgment record. Therefore, HayJo complied with Local Rule 56.1.

Sponge-Jet objects generally in a footnote to emails submitted by HayJo in support of its objection that they are in Spanish without English translations. Under Local Rule 5.1(h), "the court will reject documents not in the English language unless translations are furnished." In its objection, HayJo translated some but not all of the emails that were submitted in Spanish, specifically in Exhibits F and G. The court will consider the translated parts of the emails, for purposes of summary judgment, but not the emails provided only in Spanish.

Sponge-Jet requests in a footnote that HayJo's objection be struck for violating the parties' protective order. The issue of sealing confidential documents apparently has been resolved.

## Standard of Review

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute is one that a reasonable fact-finder could resolve in favor of either party and a material fact is one that could affect the outcome of the


case." Flood v. Bank of Am. Corp., 780 F.3d 1, 7 (1st Cir. 2015). Reasonable inferences are taken in the light most favorable to the nonmoving party, but unsupported speculation and evidence that "is less than significantly probative" are not sufficient to avoid summary judgment. Planadeball v. Wyndham Vacation Resorts, Inc., 793 F.3d 169, 174 (1st Cir. 2015) (internal quotation marks omitted).

## Background

Sponge-Jet manufactures and sells abrasive blasting material used to clean industrial infrastructure. The products are sold globally. To distribute its products, Sponge-Jet makes agreements with independent distributors.

In 2001, Michael Merritt, president of Sponge-Jet, met Sami Hayek, president of HayJo. In 2003, Sponge-Jet appointed HayJo as its distributor in Mexico. Hayek used his contacts in the Mexican oil industry and the government to institute a government standard that required a product that met the specifications of the Sponge-Jet product. He also worked to educate the oil industry about the requirement to use Sponge-Jet products.

Hayek's brother was his business partner at HayJo. Hayek hired Francisco Malagon, Hayek's brother's son-in-law, to be the main sales person at HayJo. Malagon was the only person in the

company who spoke English and became the main contact with Sponge-Jet. Malagon was made the "commisario" in the company, a position with particular duties under Mexican law.

Sponge-Jet and HayJo entered into a written distributorship agreement in 2007. In 2009, Diego Cavalieri, Sponge-Jet's vice president for Latin American sales, wanted to cancel HayJo's distributorship but Merritt told him to give Hayek a chance. HayJo and Sponge-Jet signed two new distributorship agreements in 2010.

The agreements divided Mexico into two territories, north and south. The terms of the agreements were the same except for the regions covered. Under both agreements, HayJo was "the authorized, Sole non-exclusive distributor of all Sponge-Jet's products designated in Exhibit 'A' ('Products')." Sponge-Jet sold products to HayJo "at such prices and upon such terms and conditions as determined and established by Sponge-Jet." The prices current at that time were provided in "Exhibit C."

Under the agreement, Sponge-Jet also retained the right to sell its products directly to customers in Mexico and promised to "attempt to keep the Distributor informed of such sales." Sometimes Sponge-Jet paid HayJo commissions on the direct sales, but the distributorship agreement did not require payment of

commissions.  HayJo had received awards from Sponge-Jet for its sales.

Cavalieri decided to sell Sponge-Jet products directly to a customer in the north territory, the customer who brought in all the money from the north territory, because he believed that Hayek was not visiting that customer.  From that point on HayJo had no sales in the north territory.  Because of a lack of sales in the north territory, the agreement for the north territory was terminated in May of 2011.

At the same time, Cavalieri was looking for another distributor to sell Sponge-Jet products in Mexico.  He asked Malagon at HayJo to send him names of companies in Mexico that were distributors of other products and said he wanted to interview them.  He did not tell Malagon directly that he intended to hire another distributor to replace HayJo.

Malagon recommended David Andrade, whose company was Cajona Maniemento, C.A.  Andrade was a good friend of Malagon, and Malagon's father was Andrade's godfather.  By May of 2011, Cavalieri had met with Andrade and Malagon to discuss having Andrade become Sponge-Jet's distributor.  Cavalieri instructed a Sponge-Jet employee to pay Malagon directly for a sale instead of paying HayJo.  In June of 2011, Cavalieri, Andrade, and Malagon called on a customer of HayJo, which resulted in an

5

order that was placed in December of 2011.  HayJo was not informed of that sale.

In July of 2011, Cavalieri sent Malagon and Andrade a distributorship agreement that included some of HayJo's south territory.  Malagon and Andrade asked why they did not get all of HayJo's territory, and Cavalieri responded that the division of the territory was to protect HayJo's contracts and advised them to be patient.  In August, Cavalieri referred a customer or a potential distributor to Malagon and Andrade and told them to "take care of it."

In October of 2011, Sponge-Jet sent HayJo notice that it was terminating the remaining distributorship agreement, for the south territory.  HayJo states that the termination was effective on January 20, 2012, and Sponge-Jet cites the effective date as January 3, 2011.

HayJo and Hayek brought suit against Sponge-Jet in May of 2014, alleging claims of breach of contract, Count One; unjust enrichment, Count Two; aiding and abetting breach of fiduciary duty, Count Three; and breach of the duty of good faith and fair dealing, Count Four.  Hayek has stipulated to dismissal of his claims, making Sponge-Jet's motion for summary judgment on his claims moot.

## Discussion

Sponge-Jet moves for summary judgment on all of HayJo's claims. In support, Sponge-Jet contends that it properly terminated the distributorship agreements so that no breach occurred; that the distributorship agreements preclude the unjust enrichment claim; that the aiding and abetting claim is untimely, barred by the economic loss doctrine, and is legally unsupportable; and that the breach of the duty of good faith and fair dealing is duplicative of the breach of contract claim. HayJo apparently concedes its unjust enrichment claim but objects to the motion for summary judgment on all other grounds.

### A. Unjust Enrichment

In a footnote, HayJo states that "[b]ecause [it] acknowledges and admits that the contract between the parties was valid and enforceable, there is no need for HayJo to press its undue enrichment claims at this time." Failure to contest a ground raised in support of summary judgment results in waiver. See Grenier v. Cyanamid Plastics, Inc., 70 F.3d 667, 678 (1st Cir. 1995); see also Cooper v. Lew, 2015 WL 7568382, at *5 (N.D. Ill. Nov. 24, 2015) (citing Bruce v. Ghosh, 2015 WL 1727318, at *14 (N.D. Ill. Apr. 13, 2015). Therefore, HayJo has waived objection to summary judgment on the unjust enrichment claim.

7

B.  Breach of Contract

HayJo alleges that it entered contracts in 2003 and 2010 with Sponge-Jet through which HayJo was the exclusive distributor of Sponge-Jet products in Mexico.  HayJo further alleges that "[b]y using Mr. Malagon as Sponge-Jet's distributor in Mexico, Sponge-Jet breached the agreement."  That breach, HayJo alleges, caused damages in excess of $75,000.

Sponge-Jet moves for summary judgment on the breach of contract claim primarily on the ground that Sponge-Jet terminated both distributorship agreements pursuant to the terms of the agreements.  As HayJo points out, the breach of contract claim does not allege a breach based on termination of the agreements.  Therefore, Sponge-Jet moves for summary judgment on a claim that was not pleaded and is denied for that reason.[3]

Sponge-Jet also asserts that it is entitled to summary judgment on the claim that is pleaded, arguing that it did not breach the distributor agreement by engaging Malagon, a HayJo employee, to provide recommendations of other companies to replace HayJo as distributor because the distributor agreement did not prohibit it from using the distributor of its choice

---

[3] In its reply, Sponge-Jet explains that it raised the termination issue based on HayJo's responses to requests for admissions and states that HayJo's objection eliminates the distributor agreement terminations as grounds for the breach of contract claim.

8

after terminating HayJo.  But again, HayJo does not allege that breach occurred based on termination.

HayJo alleges that Sponge-Jet breached the agreement by engaging Malagon before termination, while HayJo was still the distributor and Malagon was working for HayJo.  Sponge-Jet addresses termination of the agreements but not the alleged breaches that occurred before termination.  Therefore, Sponge-Jet has not shown that it is entitled to judgment as a matter of law on the claim that is pleaded in the complaint.[4]

    C.   Aiding and Abetting Breach of Fiduciary Duty

HayJo alleges that Malagon breached his fiduciary duty to HayJo by developing his own distributorship with Sponge-Jet, using contacts and information obtained while working at HayJo, and that Sponge-Jet knowingly participated in Malagon's breach.  Sponge-Jet moves for summary judgment on the grounds that the claim is barred by the economic loss doctrine, that the claim is barred by the statute of limitations, and that the claim fails on the merits.

---

[4] To the extent Sponge-Jet raises different arguments and theories in its reply, those may not be considered for purposes of deciding summary judgment.  See Conway v. Licata, --- F. Supp. 3d ---, 2015 WL 2165901, at *13 (D. Mass. May 8, 2015); Phenix Mut. Fire Ins. Co. v. Stanley Convergent Sec. Solutions, Inc., 2013 WL 3933930, at *2 (D.N.H. July 30, 2013) (citing cases).

Although the New Hampshire Supreme Court has not addressed the issue, other courts have concluded that New Hampshire would recognize the tort of aiding and abetting breach of fiduciary duty based on the Restatement (Second) of Torts § 876(b).  See Invest Almaz v. Temple-Inland Forest Prods. Corp., 243 F.3d 57, 82-83 (1st Cir. 1994); Tamposi v. Denby, 974 F. Supp. 2d 51, 61-62 (D. Mass. 2013); In re Felt Mfg. Co., Inc., 371 B.R. 589, 615 (Bankr. N.H. 2007).  To succeed on that claim, a plaintiff must prove three elements:  breach of fiduciary obligations, knowing inducement or participation in the breach by the defendant, and damages to the plaintiff caused by the breach.  Invest Almaz, 243 F.3d at 83.

    1.  Economic Loss Doctrine

The economic loss doctrine is described by the New Hampshire Supreme Court as "one of the most confusing doctrines in tort law."  Wyle v. Lees, 162 N.H. 406, 410 (2011).  When the parties' relationship is governed by a contract, the economic loss doctrine precludes the plaintiff from bringing a tort claim for purely economic losses arising from the contractual relationship.  Schaefer v. Indymac Mortg. Servs., 731 F.3d 98, 103 (1st Cir. 2013) (citing Plourde Sand & Gravel Co. v. JGI Eastern, Inc., 154 N.H. 791, 794 (2007)).  An exception exists, however, if the defendant owes the plaintiff "an independent

duty of care outside the terms of the contract." Wyle, 162 N.H. at 410.

The distributor agreement governed the contractual relationship between HayJo and Sponge-Jet.  The tort HayJo alleges is based on Sponge-Jet's duty not to aid and abet Malagon in breaching his fiduciary duty to HayJo.[5]  Sponge-Jet does not show that duty is covered by the distributor agreements.  Therefore, Sponge-Jet has not shown that it is entitled to summary judgment based on the economic loss doctrine.

2. Timeliness

Under RSA 504:8, which governs tort actions brought under New Hampshire law, HayJo had three years to bring its claim of aiding and abetting breach of fiduciary duty.  The action must be brought "within 3 years of the act or omission complained of, except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably

---

[5] Sponge-Jet concedes as much, stating:  "Through its aiding and abetting claim, HayJo simply is trying to pursue Sponge-Jet for what it feels was disloyalty by its former employee, Mr. Malagon.  The real subject of HayJo's ire is Mr. Malagon, and whether he breached any fiduciary duty that he owed to HayJo is not properly the subject of litigation between Sponge-Jet and HayJo."  To the contrary, however, that is the basis for an aiding and abetting claim.

have been discovered at the time of the act or omission." Id. The complaint in this case was filed on May 5, 2014.

Sponge-Jet contends that the three-year limitation period began in 2010 when Hayek learned that Malagon was forming his own company and was planning to leave HayJo. Sponge-Jet further contends that HayJo should have investigated then to learn what Malagon was doing and what he planned.

The act or omission complained of in this case is not just Malagon's breach of fiduciary duty but instead is Sponge-Jet's aiding and abetting in that breach. Sponge-Jet has not shown, based on Hayek's information about Malagon in 2010, that HayJo knew or should have known of Sponge-Jet's involvement with Malagon at that time. In fact, Sponge-Jet provides no evidence that it was involved then with Malagon for the purpose of changing distributors.

The evidence provided by both parties for summary judgment shows that Cavalieri, of Sponge-Jet, became involved with Malagon and Andrade in the spring of 2011 for the purpose of establishing them as the Sponge-Jet distributor instead of HayJo. The relationship between Malagon and Sponge-Jet grew from that time forward. Sponge-Jet has not shown based on undisputed facts that HayJo knew or should have known of Sponge-

Jet's efforts to engage Malagon to work on behalf of Sponge-Jet before May of 2011.

3. Merits

Sponge-Jet contends that HayJo cannot prove the aiding and abetting claim because it cannot show that Malagon owed a fiduciary duty to HayJo, that Sponge-Jet knew of the duty, or that Sponge-Jet gave substantial assistance or encouragement to Malagon in breaching his fiduciary duty.  Given Malagon's position at HayJo and his interactions with Sponge-Jet on HayJo's behalf, material disputed facts exist as to whether he owed a fiduciary duty to HayJo and what Sponge-Jet knew about his duty.  Similarly, taken in the light most favorable to HayJo, Cavalieri's involvement with Malagon for the purpose of giving Malagon and Andrade the Sponge-Jet distributorship could show that he gave substantial assistance or encouragement to Malagon's breach of fiduciary duties.

Therefore, Sponge-Jet has not shown that it is entitled to summary judgment on the aiding and abetting breach of fiduciary duty claim.

D. Breach of the Implied Duty for Good Faith and Fair Dealing

Sponge-Jet seeks summary judgment on the grounds that the implied duty cannot rewrite the distributor agreement to provide

new obligations and that the claim is vague and appears to seek the same relief that is sought for breach of contract. In its objection, HayJo clarifies that it intended to invoke the implied duty that limits the discretion of a party in contract performance.

Under New Hampshire law, the implied duty restricts a party's exercise of discretion within "reasonable limits." Centronics Corp. v. Genicom Corp., 132 N.H. 133, 143 (1989). Therefore, when "the agreement ostensibly allow[s] to or confer[s] upon the defendant a degree of discretion in performance tantamount to a power to deprive the plaintiff of a substantial proportion of the agreement's value," the defendant cannot exercise discretion in a manner that "exceed[s] the limits of reasonableness." Id. at 144.

In this context, HayJo claims that the implied duty cabins the discretion conferred by the contract for Sponge-Jet to terminate. HayJo contends that Sponge-Jet terminated the contract after Hayek, relying on the exclusive distributor agreement, put efforts into developing the market in Mexico for Sponge-Jet products. When those efforts were producing sales that were becoming profitable, Sponge-Jet terminated the agreement with HayJo to work with Malagon. Further, Hay Jo contends, Sponge-Jet manipulated the termination to avoid paying

HayJo for sales made before termination.  HayJo asserts that Sponge-Jet's actions under the agreement deprived HayJo of the benefit of its efforts made pursuant to the agreement.

As such, HayJo asserts a claim under an implied duty theory based on the discretion conferred by the distributor agreement. The claim does not duplicate the breach of contract claim.

## Conclusion

For the foregoing reasons, the defendant's motion for summary judgment as to the claims brought by Sami Hayek (document no. 27) is terminated as moot.  The motion for summary judgment as to the claims brought by HayJo (document no. 28) is granted as to Count Two, Unjust Enrichment, and is otherwise denied.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph DiClerico, Jr.
United States District Judge

December 23, 2015

cc:  Nicholas F. Casolaro, Esq.
     Peter E. Ferraro, Esq.
     Joshua William Gardner, Esq.
     Jeremy T. Walker, Esq.

15